IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:98-cr-00508-HZ |
| Plaintiff(s), | OPINION & ORDER |
| v. | |
| ROBERT EUGENE BOYD, JR., | |
| Defendant(s). | |

William Narus
Leah K. Bolstad
U.S. Attorney's Office
1000 S.W. Third Ave, Suite 600
Portland, OR 97204

    Attorneys for Plaintiff


Robert Eugene Boyd, Jr.
2529 W. Cactus Rd. #1348
Phoenix, AZ 85029

    Defendant, *Pro Se*

1 – OPINION & ORDER

HERNÁNDEZ, Senior District Judge:

This matter comes before the Court on Defendant's Motion for Restoration of 2nd Amendment Rights & Expungement of Record, ECF 192. For the following reasons Defendant's Motion is denied.

## BACKGROUND

On September 16, 1998, Defendant was charged in a Superseding Indictment with one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and one count of unlawful possession of a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A).

On April 5, 1999, Defendant pled guilty pursuant to a plea agreement to both counts of the Indictment. Defendant was sentenced to 40 months imprisonment on count one and 60 months imprisonment on count two, to be served consecutively, and to three years of supervised release.

On August 24, 1999, United States Senior District Judge Helen Frye entered a Judgment. On August 27, 1999, Defendant appealed to the Ninth Circuit. On March 24, 2003, the Ninth Circuit affirmed.

On May 15, 2025, Defendant filed a Motion for Expungement of Record and Restoration of 2nd Amendment Rights. This Court took Defendant's Motion under advisement on July 18, 2025.

## DISCUSSION

Defendant requests the Court expunge his convictions for armed bank robbery and unlawful possession of a firearm and "restor[] [his] 2nd amendment rights." Def. Mot. at 1. Defendant states that he has "transformed [his] life and . . . as a proud grandfather of six . . . [he]

often find[s himself] longing to share meaningful experiences with [his] grandsons, such as hunting." *Id.* Defendant notes that he has started a successful business, has taken full responsibility for his past actions, and has become a law-abiding and productive citizen. Defendant also notes that restoration of his Second Amendment rights and expungement of his record would increase his employment opportunities. The government opposes Defendant's Motion.

**I.      Expungement**

The Ninth Circuit has "recognized two sources of authority by which courts may expunge records of criminal conviction: statutes and [the court's] inherent authority." *United States v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004). When a statute governs, "Congress has set the conditions by which the courts may expunge records of federal convictions in particular cases." *Id*. Defendant, however, has not identified a statute that entitles him to expungement, and the Court has not located such a statute.

The Court's inherent authority "is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error," because "the expungement of the record of a valid arrest and conviction usurps the powers that the framers of the Constitution allocated to Congress, the Executive, and the states." *Id*. District courts therefore "do not have the power 'to expunge a record of a valid arrest and conviction solely for equitable considerations.'" *Id*. (quoting *United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000)).

The Court recognizes Defendant's post-conviction accomplishments and commends him for his personal growth and successful business, but the Court does not have the authority to expunge Defendant's criminal record "to reward a defendant's rehabilitation and commendable post-conviction conduct," *Sumner*, 226 F.3d at 1014, or to ameliorate "a burdensome

3 – OPINION & ORDER

consequence stemming from [a defendant's] conviction." *United States v. Groppo*, 102 F.4th 1083, 1089 (9th Cir. 2024). *See also United States v. Brady*, No. 3:98-CR-1527-BTM, 2025 WL 592800, at *1 (S.D. Cal. Feb. 24, 2025)(same).

## II. Second Amendment

18 U.S.C. § 922(g)(1) provides:

> It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Defendant was convicted of a crime punishable by imprisonment for a term exceeding one year. Thus, under § 922(g)(1) he may not possess a firearm. Defendant asks the Court to restore his Second Amendment right to bear arms.

Under 18 U.S.C. § 921(a)(20) a person is not considered a convicted felon for purposes of § 922(g)(1) if his civil rights have been restored by certificate or operation of law, unless the "restoration of civil rights expressly provides that the person may not ship transport, possess, or receive firearms." For a defendant's civil rights to be restored, however, he must show that his rights have been restored under the laws of the convicting jurisdiction. *See Beecham v. United States*, 511 U.S. 368, 371 (1994). Thus, "only federal law can nullify the effect of a federal conviction." *United States v. Nguyen*, No. CR1800603001PHXDJH, 2023 WL 6539852, at *2 (D. Ariz. Oct. 6, 2023)(citing *Beecham,* 511 U.S. at 373–74); *Beecham,* 511 U.S. 71 (When a defendant is convicted in federal court, the restoration of his rights under state law does not also restore his rights under federal law). Defendant does not cite any federal statute or law that permits this Court to restore his Second Amendment rights nor is this Court aware of any basis to

do so.[1] The Court concludes, therefore, that it does not have the authority to restore Defendant's Second Amendment rights. *See United States v. Shepard*, 2020 WL 1898888, at *2 (D. Ariz. Apr. 15, 2020)(holding that the district court "does not have the authority to restore [the defendant's] civil rights")(citing *United States v. Geyler*, 932 F.2d 1330 1335 (9th Cir. 1991), abrogated on other grounds by *Beecham*).

## CONCLUSION

For these reasons, the Court denies Defendant's Motion for Restoration of 2nd Amendment Rights & Expungement of Record, ECF 192.

IT IS SO ORDERED.


DATED:        July 31, 2025        .



*Marco Hernandez*
MARCO A. HERNÁNDEZ
United States Senior District Judge

---

[1] The Ninth Circuit has held that § 922(g)(1) is constitutional as applied to both violent and non-violent felons. *See United States v. Duarte*, 137 F.4th 743, 750 (9th Cir. 2025).